# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | In Proceedings |
| | ) | Under Chapter 13 |
| ERIC FOERSTERLING, | ) | |
| | ) | |
| Debtor, | ) | |
| | ) | BK 06-30887 |
| ERIC FOERSTERLING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | ADV 12- |
| vs. | ) | |
| | ) | |
| NATIONSTAR MORTGAGE, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW the Plaintiff, Eric Foersterling, by and through his attorney, The Law Offices of Mueller & Haller, L.L.C., and for his Complaint for Declaratory Judgment, states as follows:

1. That on June 12, 2006, the Plaintiff filed for relief under Chapter 13 of the Bankruptcy Code.

2. That this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(b)(1).

3. That this is a "core" proceeding under 28 U.S.C. § 157(b)(2)(A), (b)(2)(E) and (b)(2)(O).

4. That venue is proper in this Court pursuant to 28 U.S.C. § 1409.

5. That MoreEquity had a mortgage on Plaintiff's real estate at the time of filing. The mortgage was included on Schedule D of the Plaintiff's bankruptcy petition with a debt of $126,000.00 for account number xxxxxx0370.

6. That on June 12, 2006, the Plaintiff filed his original Chapter 13 Plan, which did not include a provision for the mortgage.

7. That on June 27, 2006, secured Proof of Claim #2-1 in the amount of $126,110.63 was filed by Anne McKinney on behalf of MoreEquity for the mortgage. Claim #2-1 contained an arrearage amount of $765.67.

8. That on September 20, 2006, the Plaintiff filed his First Amended Chapter 13 Plan, which did not include a provision for the mortgage.

9. That on November 17, 2006, the Plaintiff filed his Second Amended Chapter 13 Plan, which did not include a provision for the mortgage.

10. That on December 18, 2006, the Plaintiff filed his Third Amended Chapter 13 Plan, which provided for monthly mortgage payments in the amount of $1,458.42 to be paid by the Plaintiff.

11. That on January 4, 2007, the Plaintiff filed his Fourth Amended Chapter 13 Plan, which provided for monthly mortgage payments in the amount of $1,458.42 to be paid by the Plaintiff and the arrearage claim of $766.00 to be paid by the Chapter 13 Trustee.

12. That on January 25, 2007, the Order Confirming the Fourth Amended Chapter 13 Plan was entered by the Court.

13. That on July 8, 2008, MoreEquity filed a Motion for Relief from Stay.

14. That on August 12, 2008, an Agreed Order Resolving the Motion for Relief from Stay was entered by the Court. Said Agreed Order provided for the Plaintiff to file an amended plan listing the post-petition mortgage arrears in the amount of $5294.02 and to provide for the current monthly mortgage payments of $729.21 to be paid by the Chapter 13 Trustee beginning with the payment due September 2008. Said Agreed Order further provided for MoreEquity to file an amended proof of claim.

15. That on August 13, 2008, secured Proof of Claim #2-2 in the amount of $126,110.63 was filed by Attorney Faiq Mihlar of Heavner, Scott, Beyers, and Mihlar, L.L.C., on

behalf of MoreEquity for the mortgage. Claim #2-2 contained an arrearage amount of $6,059.69.

16. That on September 4, 2008, the Plaintiff filed his Fifth Amended Chapter 13 Plan, which provided for monthly mortgage payments beginning in September 2008 in the amount of $729.21 and the arrearage claim of $6,060.02 to be paid by the Chapter 13 Trustee.

17. That on September 25, 2008, the Order Approving Fifth Amended Plan was entered by the Court.

18. That on April 8, 2010, Attorney Heather Giannino of Heavner, Scott, Beyers, and Mihlar, L.L.C., filed a Mortgagee's Notice of Adjusted Amount/Mortgage Payment Change. Said Notice increased the monthly mortgage payments to $964.65 effective with the payment due June 2010. Said payment increase consisted of $729.21 in principal and interest and $235.44 in over/short spread.

19. That on February 11, 2011, Attorney Hilary Bonial of Brice, Vander Linden, & Wernick, P.C., filed an Entry of Appearance on behalf of the Defendant, Nationstar Mortgage.

20. That on February 28, 2011, James Cloud filed an Assignment of Claim, which transferred the claim of MoreEquity to the Defendant, Nationstar Mortgage.

21. That on August 24, 2011, the Plaintiff filed his Sixth Amended Chapter 13 Plan, which provided for monthly mortgage payments beginning in September 2008 in the amount of $729.21 and the increase in monthly mortgage payments beginning in June 2010 in the amount of $964.65 to be paid by the Chapter 13 Trustee.

22. That on October 24, 2011, the Plaintiff filed his Seventh Amended Chapter 13 Plan, which provided for monthly mortgage payments beginning in September 2008 in the

amount of $729.21 and the increase in monthly mortgage payments beginning in June 2010 through October 2011 in the amount of $964.65 to be paid by the Chapter 13 Trustee.

23. That on November 2, 2011, Attorney Melinda Maune filed a Statement of Outstanding Obligation on behalf of the Defendant, Nationstar Mortgage. Said Statement alleged the Plaintiff had failed to make monthly mortgage payments for August 2011 through November 2011.

24. That on November 21, 2011, Attorney Melinda Maune filed an Entry of Appearance on behalf of the Defendant, Nationstar Mortgage.

25. That on December 16, 2011, the Plaintiff filed his Eighth Amended Chapter 13 Plan, which provided for monthly mortgage payments beginning in September 2008 in the amount of $729.21 and the increase in monthly mortgage payments beginning in June 2010 in the amount of $964.65 to be paid by the Chapter 13 Trustee.

26. That on February 22, 2012, the Plaintiff filed his Ninth Amended Chapter 13 Plan, which provided for monthly mortgage payments beginning in September 2008 in the amount of $729.21 and the increase in monthly mortgage payments beginning in June 2010 through October 2011 in the amount of $964.65 to be paid by the Chapter 13 Trustee.

27. That on March 15, 2012, the Order Approving Ninth Amended Chapter 13 Plan.

28. That on April 10, 2012, the Chapter 13 Trustee filed his Notice of Final Cure Payment to the Defendant, Nationstar Mortgage.

29. That on May 2, 2012, Adam Moore filed a Response to Notice of Final Cure Payment on behalf of the Defendant, Nationstar Mortgage. Said Response indicated that the Defendant, Nationstar Mortgage, agreed the Plaintiff was current with the prepetition

default. Said Response further indicated that the Defendant, Nationstar Mortgage, did not agree the Plaintiff was current and was delinquent $5,455.57 in post-petition payments in that only a partial payment was received in September 2011 and no funds received in October 2011 through April 2012. Said Response also indicated that the monthly payment amount was $729.21.

30. Neither the Plaintiff nor his counsel received any previous Mortgagee's Notice of Adjusted Amount/Mortgage Payment Change or any other type of documentation indicating the monthly mortgage payment had changed since the filing of the April 8, 2010, Mortgagee's Notice of Adjusted Amount/Mortgage Payment Change.

31. That due to the failure of both Defendants to timely notify the Plaintiffs and Plaintiffs' counsel of any and all mortgage payment changes, there may be a delinquency in post petition mortgage payments, which may result in a significant increase in plan payments.

32. That on June 8, 2012, the Plaintiff advised counsel's staff that a payment of $7,000.00 was sent to the Defendant, Nationstar Mortgage, to bring the mortgage current. The Plaintiff further advised that the payment cleared his bank on June 2, 2012.

33. That as of the current date, the Plaintiff should be completely current, if not overpaid, with the mortgage monthly payments with no outstanding late fees, attorney fees, etc.

34. That the Plaintiff requests documentation and proof regarding any and all mortgage payment changes from June 2010 through the current date.

35. That the Plaintiff requests documentation showing how the any and all funds received since June 2010 were applied to Plaintiff's mortgage account.

WHEREFORE, the Plaintiff prays this Honorable Court enter an Order for Declaratory Judgment against the Defendant, Nationstar Mortgage, ordering the Defendant to provide

documentation and proof regarding any and all mortgage payment changes from February 28, 2011, through the current date and to provide documentation showing how all funds received from February 28, 2011, through the current date were applied to the Plaintiff's account, that the Defendants be ordered to pay all reasonable legal fees and expenses incurred by the Plaintiff's attorney, that Defendants not be allowed to charge attorney's fees or costs for defending this adversary, and for such other relief as the Court deems just and proper.

            ERIC FOERSTERLING,

            By: /s/ William A. Mueller
            William A. Mueller-#06187732
            James J. Haller-#06226796
            Attorneys for Plaintiff
            5312 West Main Street
            Belleville, Illinois 62226
            (618) 236-7000

# NOTICE OF ELECTRONIC FILING AND
# CERTIFICATE OF SERVICE BY MAIL

| | | | |
|---|---|---|---|
| STATE OF ILLINOIS | ) | Case No.: | 06-30887 |
| | ) SS | Adv. No.: | 12- |
| CITY OF BELLEVILLE | ) | Chapter 13 | |
| | ) | | |

Rachel Woolever, being duly sworn, deposes and says:

Deponent is not a party to the action, is over 18 years of age, and resides in Madison County, Illinois.

On June 20, 2012, Deponent electronically filed with the Clerk of the U S Bankruptcy Court the **Complaint for Declaratory Judgment**.

The Deponent served electronically the **Complaint for Declaratory Judgment** to the following parties:

US Trustee

US Bankruptcy Court

Russell Simon

and served by mail to the following parties:

Nationstar Mortgage
350 Highland Dr.
Lewisville, TX 75067

Eric Foersterling
373 Orchard Ct.
Troy, IL 62294

Nationstar Mortgage
c/o Illinois Corporation Service C
801 Adlai Stevenson Dr.
Springfield, IL 62703

Nationstar Mortgage
c/o Anthony Barone
350 Highland Dr.
Lewisville, TX 75067

by depositing a true copy of same, enclosed in a postage paid properly addressed wrapper, in a Belleville City Branch, official depository under the exclusive care and custody of the United States Postal Service, within the State of Illinois.

By: /s/ Rachel Woolever